IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

APR 2 2 2002

ROBERT D. ___ CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | | |
|---|---|---|
| DR. OTHMANE M. ALAMI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV-01-1300-HE |
| | ) | |
| KAPLAN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendants, Kaplan, Inc., Sherri Segnar, Shawnna Boren, Bobbi Zimmerman, Heather Myers and Harold Benson, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, Dr. Othmane Alami, responded in opposition to the motion. The Court has considered the parties' submissions and finds as follows.

Plaintiff filed this action pursuant to 42 U.S.C. §§ 1981 and 1986. Plaintiff, a foreign-born doctor, alleges that he, and others similarly situated, were treated differently than American-citizen doctors by Kaplan and its employees. Plaintiff enrolled with Kaplan to study for medical licensure boards, to qualify for a license to practice medicine in the United States. Plaintiff filed this action as a putative class action, alleging that the disparate treatment he received violated his rights under the Civil Rights Act.

Plaintiff specifically alleges that foreign doctors were threatened with deportation in the event that they took breaks, that their school materials were searched without reason, that they were unjustly accused of theft, that they were given older versions of tapes then American citizen students, that they were required to wait outside while American students checked out educational equipment, that the police were called to arrest foreign doctors, that they were denied proof of insurance, and

that they were denied accounting receipts. Plaintiff contends that as a result of the discrimination he was forced to relocate to a Kaplan center outside of Oklahoma. Plaintiff concedes that these allegations of alleged discriminatory may be *de minimis*. He argues, however, that the threats of deportation made by Defendants are sufficient to state a claim under the Civil Rights Act.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) requires the Court to examine the complaint and to accept all well-pleaded factual allegations as true, and view these allegations in the light most favorable to the plaintiff. *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir.2001); *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999). Dismissal is proper when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Aguilera*, 241 F.3d at 1292; *Sutton*, 173 F.3d at 1236.

Defendants allege that Plaintiff's 42 U.S.C. § 1981 claim must be dismissed because discrimination on the basis of alienage by a private actor is not actionable under 42 U.S.C. § 1981.[1] In support of this position Defendants rely on *Bhadnari v. First Nat'l Bank of Commerce*, 829 F.2d 1343 (5th Cir. 1987); *vacated*, 492 U.S. 901 (1989), *reinstated on remand*, 887 F.2d 609 (5th Cir. 1989) (per curiam). In *Bhandari*, the court held that § 1981 did not apply to claims of discrimination on the basis of alienage against private persons. The decision in *Bhadnari* was remanded by the Supreme Court for re-consideration in light of *Patterson v. McLean Credit Union*, 491 U.S. 164

---

[1] 42 U.S.C.A. § 1981 provides that:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(1989), wherein the Court held that race discrimination by a private person was actionable under 42 U.S.C. § 1981. Upon remand the Fifth Circuit reinstated its prior decision, concluding that *Patterson* did not support a finding that § 1981 applied to private alienage discrimination.

In response to Defendants' motion, Plaintiff relies primarily on *Duane v. Government Employees Ins. Co.*, 784 F.Supp. 1209 (D.C.Md.), *aff'd*, 37 F.3d 1036 (4th Cir. 1994). In *Duane*, the court held that discrimination on the basis of alienage by a private person is actionable under 42 U.S.C. § 1981. This issue has not been addressed by the Tenth Circuit.

The Court construes Defendants' motion as conceding that § 1981 covers discrimination on the basis of alienage, and arguing only that § 1981 does not protect against alienage discrimination by private actors.[2]  Defendants rely on cases wherein the courts held that § 1981 does not cover alienage discrimination by private actors, not cases in which the courts held that alienage discrimination is not actionable under § 1981.  *See Bhandari* ; *De Malherbe v. International Union of Elevator Constructors*, 438 F.Supp. 1121 (N.D. Cal. 1977); *Ben-Yakir v. Gaylinn Assocs. Inc.*, 535 F.Supp. 543 (S.D.N.Y. 1982); *but see Budinsky v. Corning Glass Works*, 425 F.Supp. 786 (W.D. Pa. 1977).

The cases cited by Defendants were all decided before the 1991 amendments to the Civil Rights Act to include § 1981(c), which provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State

---

[2] Whether § 1981 applies to alienage at all is not without doubt in this circuit. In *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379 (10th Cir. 1991), the court stated (at p. 1387, fn. 7): "However, actually § 1981 does not outlaw national origin discrimination per se, only discrimination on the basis of race." (Emphasis added). *Daemi* did not involve a claim based on alienage, hence the language is not controlling in this case.  Circuit courts that have directly addressed the application of § 1981 to alienage claims have concluded it does apply   *Anderson v. Conboy*, 156 F.3d 167 (2d Cir. 1998*); Duane v. Geico*, 37 F.3d 1036 (4th Cir. 1994).

law." 42 U.S.C. § 1981(c).   Congress has thus expressly extended the protections of § 1981 to

claims against private actors.  42 U.S.C. § 1981(c).  *See Anderson v. Conboy*, 156 F.3d 167 (2d Cir.

1998) (concluding that § 1981(c) extends § 1981(a) alienage discrimination act claims to private

discrimination).  Accordingly, Defendants' Motion to Dismiss is DENIED as to Plaintiff's 42 U.S.C.

§ 1981 claim.

Plaintiff has also sought relief under 42 U.S.C. § 1986 against Defendant Kaplan for failing

to prevent its agents from depriving Plaintiff of his rights under 42 U.S.C. § 1981.  For the reasons

stated above, the Court denies the motion to dismiss with regard to this claim.

The individual Defendants next assert that dismissal of the 42 U.S.C. § 1981 claims against

them is appropriate because Plaintiff has failed to allege personal participation by any individual.

Plaintiff concedes that claims under 42 U.S.C. § 1981 require allegations of personal participation

before a defendant can be held liable.   Plaintiff contends, however, that his notice pleading is

sufficient to inform Defendants that he seeks to hold them liable for discrimination, and therefore, he

has complied with the liberal pleading requirements of Fed.R.Civ.P. 8 (a)(2).  With one exception,

the Court concurs with Defendants' argument, although it concludes that Plaintiff should be given

an opportunity to amend his amended complaint to allege personal participation on the part of the

individual defendants

The Amended Complaint in this case makes no specific mention of the individual defendants

other than Defendant Benson.  In paragraph 19 of the Amended Complaint Plaintiff alleges that

Defendant Benson, an executive with Kaplan, had the opportunity to stop the discrimination when

it was brought to his attention, and that he failed to do so.  The Court concludes that this paragraph

4

sufficiently alleges personal participation by Defendant Benson to survive Defendants' motion to dismiss.

With regard to the remaining individual Defendants, Plaintiff merely recites their names and a litany of complaints, without tying any named Defendant to any specific allegations of discrimination. Defendants are correct that this pleading is insufficient. Although Plaintiff argues that he is not seeking to hold the Defendants vicariously liable, his pleading does not permit the Court to discern in what capacity and why he seeks to hold these persons responsible, because no single person is alleged to have done any of the nine enumerated acts of discrimination. Defendants' motion to dismiss is GRANTED in this regard. Plaintiff shall file a Second Amended Complaint not later than April 30, 2002, limited to the addition of allegations of personal participation by the individual defendants.

The final two issues raised by Defendants are not addressed by Plaintiff, and therefore, the Court finds that Plaintiff has conceded that his attempt to proceed with this case as a class action must fail. The caption shall be amended by the parties to remove any reference to Plaintiff's putative class and the second amended complaint must be limited to allegations of discrimination against Dr. Alami. Specifically, but not exclusively, the Court is referring to the allegations set forth in paragraph 11 of the Amended Complaint. Furthermore, Plaintiff does not address Defendants' argument that his request for injunctive relief should be dismissed. Accordingly, the motion to dismiss is GRANTED with regard to Plaintiff's request for injunctive relief.

In accordance with the above, the Court hereby DENIES Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 claims on the basis that § 1981 does not extend to alienage discrimination by private parties. Defendants' motion is GRANTED with regard to Defendants Segnar, Boren,

Zimmerman and Myers due to his failure to allege sufficient personal participation. However, Plaintiff may file a second amended complaint not later than April 30, 2002, should he desire to attempt to properly plead 42 U.S.C. § 1981 claims against these persons. Plaintiff's request for injunctive relief is DISMISSED, as is the attempt to proceed with this case as a class action.

IT IS SO ORDERED THIS _22_ day of May, 2002.

JOE HEATON
UNITED STATES DISTRICT JUDGE